IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN MCALLISTER, | : |
| | : CIVIL NO.: 25-cv-6622 |
| Plaintiff, | : |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| INSIGHT PA CYBER CHARTER SCHOOL, | : |
| | : *ELECTRONICALLY FILED* |
| Defendant. | : |

## COMPLAINT

Plaintiff, Ellen McAllister, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Insight PA Cyber Charter School, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disability, as well a failure to provide a reasonable accommodation and illegal retaliation and termination after the Plaintiff returned to work from a medical leave of absence, which violates the laws and statutes of the United States of America, specifically, the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (the "ADA"), 42 U.S.C § 12101 *et seq.,* the pendent state laws arising under the provisions of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act (the "PHRA"), as amended, 43 P.S. §951, *et seq*., and the Family and Medical Leave Act of 1993 (hereinafter referred to as the "FMLA"), 29 U.S.C. § 2601, *et seq*

2. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3. This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claim

1

pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Ellen McAllister (hereinafter "Ms. McAllister" or "Plaintiff") is an adult individual residing in Chester County, Pennsylvania.

7. Defendant, Insight PA Cyber Charter School, (hereinafter "Insight" or "Defendant") is a nonprofit corporation formed in Pennsylvania with a primary business address at 350 Eagleview Boulevard, Suite 350, Exton, Chester County, Pennsylvania 19341.

## STATEMENT OF FACTS

8. In or around January 1, 2021, Ms. McAllister was hired by Insight as a Registrar.

9. Insight became aware of Ms. McAllister's medical condition, more specifically her mental health disability, sometime in 2021 because she was hospitalized due to a severe anxiety-related panic attack.

10. Due to her mental health disability, Ms. McAllister regularly provided notice of her medical condition by applying for FMLA leave every year. More recently, Ms. McAllister applied for and was approved for intermittent FMLA leave on May 13, 2024.

11. Even with her serious health condition and mental health disability, Ms. McAllister was more than qualified to perform the essential functions of her position and to meet all duties required of the role.

12. On or about June 11, 2024, Ms. McAllister experienced a panic attack during working hours and could not finish the work day due to the seriousness of the episode. So, she reached out to her supervisor, Naomi Jones, via Microsoft Teams messenger to explain that she needed to take FMLA leave for the day, which Ms. Jones responded affirmingly with a thumbs up symbol.

13. To assure following proper procedure, Ms. McAllister submitted a letter to Samantha Trego, the Human Resource Director, that outlined the issues she was having with her mental health disability and the possible reasons behind her increasing panic attacks.

14. The very next day, June 12, 2024, Ms. McAllister was called into a meeting with Ms. Trego and the Operations Director, Angela Trout, to discuss her taking FMLA intermittent leave the day prior.

15. During the meeting, Ms. McAllister suddenly experienced another panic attack, so Defendant's management sent her home on administrative leave.

16. While on leave, Insight planned to put Ms. McAllister on an Employee Assistance Program so she could address her mental health complications. During this program, Ms. McAllister received an email that explained what metrics she had to achieve with her mental health to return to work.

17. When attempting to submit the proper documentation requested by Insight, which was a signed letter by Ms. McAllister's psychiatrist clearing her return to work, on June 21, 2024, Ms. Trego informed her that she would have to be cleared by the Employee Assistance Program

before returning to work. After a few days, Ms. McAllister was allowed to return to work on June 26, 2024.

18. On the same day Ms. McAllister returned to work, Defendant's management elevated their retaliation against her for using intermittent FMLA leave by demanding a meeting at 8:00 a.m. At this meeting Ms. Trego, the HR Director, Ms. Trout, the Operations Director, and Noami Jones, a supervisor, offered Ms. McAllister a 2-week severance package, and if she did not take the severance package then she would have to sign, date, and accept a written warning for multiple violations that she was suddenly cited for after using her FMLA leave.

19. This ultimatum by Defendant's management came as a complete surprise to Ms. McAllister, as there was no previous communication about any problems with her performance or potential written warnings with using her intermittent FMLA to focus on her medical condition.

20. At the same meeting, Ms. McAllister was given a Performance Improvement Plan ("PIP"), even though there were no previous problems, but she was further informed that she either had to accept the company's severance package and sign/acknowledge the written warning/PIP by 4:00 p.m. or lose her job.

21. Taken aback by the sudden and accusatory tone into which the meeting devolved, Ms. McAllister signed and acknowledged the written warning and the PIP while nearly under duress, as she desperately needed her job and felt that she had no other option.

22. When reviewing the written warning, Insight cited Ms. McAllister for leaving abruptly on June 11, 2024, and a few other complaints that she had no knowledge of before that day. Insight pointed out that Ms. McAllister did not provide twenty-four-hour advance notice of her absence from work while she was on the employee assistance program as one of the reasons for the company's retaliatory action.

23. Even so, all parties involved with managing Ms. McAllister's return to work either witnessed the severity of her panic attacks or knew she planned on submitting the necessary paperwork required to be able to return to work after being on administrative leave. Furthermore, Defendant's management should have been aware that she was approved for intermittent FMLA and that there was a possibility Ms. McAllister would be using her intermittent FMLA leave or requesting a reasonable accommodation to cover any absences that related to her disability.

24. Soon thereafter, on or about August 30, 2024, Ms. McAllister was pulled into another meeting with Ms. Trout, Ms. Trego, and Ms. Jones, where they terminated her employment because allegedly her "performance did not approve."

25. Insight's reasoning for Ms. McAllister's termination is untrue and unfounded because she followed the direct guidance that was provided to her by management, particularly considering she was never cited with performance issues prior to taking her leave in early June 2024.

26. However, the time period in question was between Ms. McAllister's leave and her return back to work, where she was immediately put on PIP. The PIP was supposed to be completed by July 26, 2024, but Ms. Jones kept rescheduling the follow up meeting, so the paperwork was not signed off in the allotted thirty-day timeframe. So, the employer's reasoning for her termination was due to its intentional rescheduling of a required follow up meeting, as Ms. McAllister was qualified and properly performing within the parameters she was given by Defendant's management.

27. As such, Ms. McAllister's termination regarding her alleged performance deficiencies after going on administrative leave to focus on managing her mental health disability was nothing more than a pretext to terminate her because she was availing herself of FMLA leave

5

and was an employee who had a history of requesting reasonable accommodations for her disability.

28. It is illegal pursuant to the FMLA for an employer to interfere with an employee's right to protected leave for a serious medical condition. Also, it is illegal for an employer to discriminate or retaliate against an employee who has exercised or attempted to exercise any FMLA right or engage in the interactive process to be approved a reasonable accommodation for one's disability pursuant to the ADA.

29. Accordingly, Insight's decision to terminate Ms. McAllister constitutes unlawful FMLA interference and retaliation, all of which violated her protected rights pursuant to the FMLA, as well as subjecting Ms. McAllister to disability discrimination, including failure to accommodate and/or engage in the interactive process, in violation of the ADA and the PHRA.

## COUNT 1

### ADA VIOLATION
*Discrimination*

30. All prior paragraphs are incorporated herein as if set forth fully below.

31. Plaintiff is within the protective class of individuals as designed by the ADA.

32. Plaintiff is qualified individual with a medical condition that constitutes a disability pursuant to the ADA.

33. Specifically, Plaintiff suffers from anxiety, a mental health disability, that causes excessive, persistent, and unrealistic worry about everyday things that can then cause intense and prolonged panic attacks.

34. At all times relevant to this Complaint, Plaintiff was qualified for and able to perform the essential functions of her job as a Registrar with or without a reasonable accommodation.

35. As previously set forth above, after Defendant learned the full extent of Plaintiff's disability, she was then discriminated against and terminated.

36. As a direct and proximate result of Defendant's conduct in violating the ADA by discriminating against Plaintiff on the basis of her disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continued to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to her career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and loss of self-respect and confidence.

37. Defendant's discrimination toward Plaintiff arising from her disability constitutes a violation of the ADA.

WHEREFORE, Plaintiff, Ellen McAllister, by and through her attorneys, Weisberg Cummings, P.C., seeks damages against Defendant, Insight PA Cyber Charter School, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### ADA VIOLATION
*Failure to Accommodate*

38. All prior paragraphs are incorporated herein as if set forth fully below.

39. Plaintiff is within the protective class of individuals as designated by the ADA.

40. Plaintiff is a qualified individual with a medical condition that constitutes a disability pursuant to the ADA.

41. Specifically Plaintiff suffers from anxiety, a mental health disability, that causes excessive, persistent, and unrealistic worry about everyday things that can then cause intense and prolonged panic attacks.

7

42. At all times relevant to this Complaint, Plaintiff was qualified for and able to perform the essentials functions of her job as a Registrar with or without a reasonable accommodation.

43. As previously set forth above, Plaintiff requested intermittent medical leave as a reasonable accommodation, but Defendant refused to engage in the interactive process.

44. As previously set forth, rather than provide Plaintiff with a reasonable accommodation or engage in the interactive process to explore any alternative accommodation, Defendant terminated Plaintiff shortly after she her accommodation.

45. As a direct and proximate result of Defendant's conduct in violating the ADA by refusing to provide Plaintiff with a reasonable accommodation and/or engage in the interactive process, Plaintiff has been permanently and irreparably harmed and damaged, and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to his career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

46. Defendant's discrimination towards and failure to accommodate Plaintiff arising from her disabilities constitute violations of her federal rights under the ADA.

WHEREFORE, Plaintiff, Ellen McAllister, by and through her attorneys, Weisberg Cummings, P.C., seeks damages against Defendant, Insight PA Cyber Charter School, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### PHRA VIOLATION
*Discrimination*

47. All prior paragraphs are incorporated herein as if set forth fully below.

48. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in Count III arise out of the same facts, events, and circumstances as Count I and Count II, and therefore judicial economy and fairness to the parties dictate that this Count III be brought in the same Complaint.

49. As previously stated in Count I and Count II, Defendant discriminated against Plaintiff on the basis of her disability, resulting in Plaintiff's termination of employment, and failed to provide Plaintiff a reasonable workplace accommodation, all in violation of her state rights under the PHRA.

50. Defendant's discrimination against Plaintiff arising from her disabilities constitutes a violation of the PHRA.

WHEREFORE, Plaintiff, Ellen McAllister, by and through her attorneys, Weisberg Cummings, P.C., seeks damages against Defendant, Insight PA Cyber Charter School, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT IV

**FMLA VIOLATIONS**
*FMLA Interference*

51. All prior paragraphs are incorporated herein as if set forth fully below.

52. Defendant was an "employer" within the meaning set forth in the FMLA. 29 U.S.C. Section 2611(4)(A).

53. Plaintiff was an "eligible employee" within the meaning set forth in the FMLA. 29 U.S.C. Section 2611(2)(A).

54. The FMLA prohibits an employer from interfering with an employee exercising his or her FMLA rights.

55. In or around 2021, Defendant was notified of Plaintiff's serious health condition and her imminent intention to apply for FMLA to cover absences related to her serious medical condition.

56. Defendant approved Plaintiff's intermittent FMLA once again on May 13, 2024, and was aware that Plaintiff planned to use her FMLA leave to focus on her medical condition.

57. Defendant's management repeatedly called Plaintiff into multiple meetings after she either availed herself or used her approved intermittent FMLA leave to focus on reducing the severity of her panic attacks.

58. Defendant terminated Plaintiff's employment under the pretext of alleged "problems with performance," but Defendant terminated Ms. McAllister once it was proven she planned to regularly use her intermittent FMLA leave as a reasonable accommodation when returning to work.

59. Accordingly, Defendant interfered with Plaintiff's ability to use her federal rights under the FMLA.

WHEREFORE, Plaintiff, Ellen McAllister, by and through her attorneys, Weisberg Cummings, P.C., seeks damages against Defendant, Insight PA Cyber Charter School, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### COUNT V

**FMLA VIOLATIONS**
*FMLA Retaliation*

60. All prior paragraphs are incorporated herein as if set forth fully below.

61. Defendant was an "employer" within the meaning set forth in the FMLA. 29 U.S.C. Section 2611(4)(A).

62.  Plaintiff was an "eligible employee" within the meaning set forth in the FMLA. 29 U.S.C. Section 2611(2)(A).

63.  The FMLA prohibits an employer from retaliating and/or discriminating against an employee for exercising her FMLA rights.

64.  Defendant violated Plaintiff's FMLA rights by terminating her employment for missing work while exercising her FMLA rights to take leave for the above stated reasons.

65.  Accordingly, Defendant retaliated and discriminated against Plaintiff for exercising her federal rights under the FMLA.

WHEREFORE, Plaintiff, Ellen McAllister, by and through her attorneys, Weisberg Cummings, P.C., seeks damages against Defendant, Insight PA Cyber Charter School, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELLEN MCALLISTER, prays that this Honorable Court enter judgment in her favor and against Defendant, INSIGHT PA CYBER CHARTER SCHOOL and that it enter an Order as follows:

a.  Defendant is to be permanently enjoined from interfering with and/or retaliating or discriminating against Plaintiff on the basis of serious medical conditions/disabilities and related FMLA leave, and/or any basis prohibited under applicable federal and state law;

b.  Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of interfering with and/or retaliating or discriminating against employees based on serious medical conditions/disabilities and related FMLA leave, and is to be ordered to promulgate an effective policy

  against such interference and/or retaliation or discrimination and to adhere thereto;

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered interference and/or retaliation or discrimination at the hands of Defendant until the date of verdict;

d.  Plaintiff is to be awarded interest on her monetary losses at the prevailing rate;

e.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

f.  Plaintiff is to be award punitive damages as provided for under the ADA;

g.  Plaintiff is to be awarded liquidated damages under the FMLA;

h.  Plaintiff is to be reinstated under the FMLA if appropriate;

i.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems available, just, proper, and appropriate;

j.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney fees as provided by applicable federal and state law;

k.        Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

l.        Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

m.       The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

(This space intentionally left blank.)

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: November 24, 2025

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*